**EDGE, A PROFESSIONAL LAW CORPORATION**
Daniel A. Rozenblatt (SBN 336058)
daniel@edgelaw.com
Seth W. Wiener (SBN 203747)
seth@edgelaw.com
1341 La Playa Street 20
San Francisco, CA 94122
Telephone: (415) 515-4809

**CAPSTONE LAW APC**
Tarek H. Zohdy (SBN 247775)
tarek.zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
cody.padgett@capstonelawyers.com
Laura E. Goolsby (SBN 321721)
laura.goolsby@capstonelawyers.com
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiff HARSH ALKUTKAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| HARSH ALKUTKAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE INC. and BUMBLE HOLDING LIMITED,<br><br>Defendants. | Case No.: 4:22-cv-00422-PJH<br><br>*Assigned to the Hon. Phyllis J. Hamilton*<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY AND CONTINUE HEARING IN RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO ARBITRATION**<br><br>Action Filed:  January 22, 2022<br>Trial Date:      None Set |

# MOTION FOR LEAVE TO FILE SUR-REPLY AND CONTINUE HEARING

Pursuant to Civil Local Rules 7-11 and 7-3(d), Plaintiff Harsh Alkutkar respectfully requests the Court for leave to file a sur-reply in response to the new arguments and evidence presented by Bumble, Inc. and Bumble Holding Limited ("Defendants" or "Bumble") in their Reply in Support of Motion to Compel Plaintiff to Arbitration. ECF 36. Plaintiff also requests a continuation of the hearing on the motion to compel arbitration, currently scheduled for June 30, 2022. Along with other new evidence, Bumble's Reply introduced metadata evidence purporting to show Plaintiff's activity on the Bumble app. Fairness and precedent strongly support allowing Plaintiff the opportunity to respond to this new evidence and arguments.

## I.     RELEVANT PROCEDURAL BACKGROUND

Bumble filed its Motion to Compel Arbitration on April 20, 2022, setting it for hearing on June 30, 2022. ECF 30. In support, Bumble filed a declaration by Kirendip Chheena, the Director or Reporting & Analytics for Badoo Limited, a company that "provide[s] analytics support across Bumble." ECF 30-1 ¶ 1. The Chheena Declaration attached two exhibits: the text of a "Notice Email" that Bumble contends Plaintiff received on January 19, 2021, and a copy of the Terms and Conditions of Use that were purportedly in effect on January 19, 2021, and March 4, 2021. ECF 30-1 ¶¶ 9, 14. Plaintiff filed his opposition on May 18, 2022, along with a request for judicial notice and seven supporting declarations offering evidence and testimony responding to Bumble's evidence and arguments regarding which users received an email and pop-up regarding arbitration. ECF 32 to 32-8. On June 8, 2022, Bumble filed its Reply brief, this time adding a new declarant, Christian Wong, the Director of Engineering for Badoo Limited, a company that "participates in operating and designing the Bumble application (the 'Bumble app')." ECF 36-1 ¶ 1. The Wong Declaration attached three exhibits, all of which appeared for the first time in the Reply. The exhibits included purported "relevant excerpts" from Bumble's Blocker Card's Action Log, an alleged screenshot of a metadata excerpt allegedly pertaining to Plaintiff, and a purported copy of the Terms from Bumble's records in HTML format. ECF 36-1 ¶¶ 16, 17, 28.

Bumble made several misstatements in its Reply about Plaintiff's statements and arguments. First, Bumble contends Plaintiff predicates his arguments on the fact he does not

1  "recall" agreeing to the arbitration agreement or Blocker Card (*id.* at 1:19-2, 2:8-9, and 5, n. 7).
2  Not so—Plaintiff affirmatively and categorically denies viewing or clicking on the Blocker Card.
3  ECF 32-2 ¶ 4.  The distinction is critical, because precedent draws an important distinction
4  between a party which does not "recall" agreeing to an arbitration agreement versus one who states
5  affirmatively that they did not see or agree to the agreement.  *See, e.g.*, ECF 36 at 5 n.7 (citing case
6  law).  Second, Bumble falsely contends that Plaintiff "admits" that he signed in to the Bumble app
7  using his "unique Facebook credentials," his "'unique credentials,'" and his "'unique login'
8  credentials through his Facebook account."  ECF 36 at 1:12–13, 3:26–4:1, 6:1–3.  Plaintiff made
9  no such admission either openly or tacitly.  Third, Bumble contends that "[t]he preamble of
10 Bumble's Terms state that the Terms provide the users and Bumble's respective rights as they
11 pertain to 'the Bumble application ("Bumble" or the "App").'" ECF 36 at 12:6–8.  The preamble
12 of Bumble's Terms makes no such statement.  *See* ECF 30-3 at 1.  These misstatements, which are
13 critical to Bumble's success on its Motion, are demonstrably false, and further support the need for
14 a sur-reply to afford Plaintiff the opportunity to correct the record.

15 **II.     DEFENDANTS' REFUSAL TO STIPULATE TO A SUR-REPLY**

16         On June 9, 2022, Plaintiff's counsel emailed defense counsel, Sharon Song and Kyle Wong
17 of Cooley LLP, asking if Bumble would stipulate to Plaintiff filing a sur-reply in light of new
18 evidence and arguments raised in the reply brief.  Padgett Decl. ¶ 2, Exh. 1.  Mr. Wong responded
19 on June 10, contending Bumble had only responded to opposition arguments, asking what Plaintiff
20 contended constituted new arguments or evidence, and stating that he would review and revert after
21 recovering from a routine medial procedure.  *Id.* ¶ 3.  Plaintiff's counsel responded within 90
22 minutes, stating Plaintiff sought to respond to the Declaration of Christian Wong, its exhibits, and
23 the related arguments, and to respond also to Defendants' new argument that Plaintiff was required
24 specifically to challenge the delegation provision.  *Id.* ¶ 4.  Plaintiff stated that the Parties would
25 need to file the stipulation no later than Monday, June 13 to receive clarity on whether other filings
26 would be necessary on Wednesday, June 15.  *Id.*  On Monday, June 13, Plaintiff emailed defense
27 counsel to follow up.  *Id.* ¶ 5.  Mr. Wong responded later that day stating Bumble disagreed that the
28 evidence or arguments were new and would oppose any motion seeking leave to file a sur-reply.  *Id.*

## III. GROUNDS FOR GRANTING SUR-REPLY AND CONTINUING HEARING

In its Reply, Bumble introduced for the first time technical data purporting to pertain to Plaintiff and new arguments based on that data which are different from those Bumble introduced in its motion. In the interests of fairness, and as set forth by precedent, Plaintiff should be provided an opportunity to respond.

The Ninth Circuit makes clear that a party must be allowed the opportunity to respond to new arguments or evidence raised for the first time in a reply. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply to a motion…, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond."); *In re Coudera, Inc.*, 2021 WL 2115303, at *8 n.2 (N.D. Cal. May 25, 2021) ("A sur-reply is appropriate where defendants have raised a new argument or evidence in a reply brief and plaintiff should be offered the opportunity to respond.") (citing *El Pollo Loco v. Hashim*, 316 F. 3d 1032, 1040-41); *Acer, Inc. v. Technology Properties Ltd.*, 2012 WL 6053968, *1 (N.D. Cal. Dec. 4, 2012) (granting motion to file sur-reply "on the grounds that Defendants' reply to [plaintiffs'] motion for reconsideration introduced new arguments and new evidence.").

Fairness dictates that Plaintiff have an opportunity to respond to the new evidence and arguments raised in Defendants' reply. "Mitigation of any unfairness, following objection, may take the form of granting the objecting party leave to file a sur-reply opposition to the new matter." *Dutta v. State Farm Mutual Automobile Insurance Company*, 895 F.3d 1166, 1172 (9th Cir. 2018); *see In re Uber Text Messaging*, 2019 WL 666725, *2 (N.D. Cal. Feb. 13, 2019) (finding, in light of new evidence submitted with a reply brief, that "[t]o avoid the unfairness inherent in this eleventh-hour revelation of what appears to be consequential new information, the Court will give Plaintiffs an opportunity to respond"). For example, in *Uber*, the court allowed the plaintiffs, who had filed an objection to the reply evidence under Civil Local Rule 7-3(d)(1) an opportunity to draft and file a sur-reply based on evidence newly introduced in *Uber's* reply brief in support of its motion to compel arbitration.[1] *Uber*, 2019 WL 666725, at *1-2 ("Because Uber inexplicably produced these records only after [the plaintiff] filed his opposition, [the plaintiff] has not had an

---

[1] Concurrent with this Motion for Leave, Plaintiff is similarly filing an Objection to Defendants' Reply Evidence pursuant to Civil Local Rule 7-3(d)(1).

opportunity to explain how they may affect his argument that he is not subject to Uber's Terms and Conditions, including mandatory arbitration and a class action waiver.").

The court in *Uber* then rescheduled the hearings on the motions to compel arbitration and motion to stay, based on granting leave to file a sur-reply. *Uber*, 2019 WL 666725, at *2. Similarly, allowing for a continuance here would allow for time to file the sur-reply, as well as allow time for Defendants to correct and/or withdraw the challenged statements in the sur-reply if they chose to do so. It would also accommodate the unavailability of Plaintiff's counsel. *See* Padgett Decl. ¶ 6; Declaration of Daniel A. Rozenblatt in Support of Plaintiff's Administrative Motion for Leave to File Sur-Reply and Continue Hearing ¶¶ 3-4. These provide valid grounds for continuing the hearing.

The evidence and testimony offered by Bumble in its Reply is not only new; it is wholly different in character from what Bumble included with its opening brief. For the first time, Bumble's Reply introduced technical documents purporting (falsely) to indicate that Plaintiff agreed to the arbitration provision. For example, Bumble introduced metadata purporting to pertain to Plaintiff (ECF 35-5, Wong Decl., Ex. 2) as well as the Blocker Card's "Action Log" (ECF 35-3, Wong Decl., Ex. 1), which Bumble's new declarant describes as "a log detailing actions taken by Bumble's developers to code the text displayed on the Blocker Card into the Blocker Card and make the Blocker Card visible to users." Wong Decl. ¶¶ 16-17. In contrast, none of the exhibits Bumble introduced in its Motion were of a technical nature or purported to pertain specifically to Plaintiff. Instead, the Motion relied solely on a *different* declarant, Chheena, whose declaration introduced only copies of the Notice Email that Plaintiff allegedly received and the Blocker Card to which Plaintiff allegedly clicked to agree. ECF 30-1 ¶¶ 9, 11. Indeed, that the newly-offered Reply evidence is wholly different in character is confirmed by the fact that Bumble only sought to file documents under seal in connection with its Reply, not its Motion.

This newly introduced evidence and the arguments relying thereon are crucial to Bumble's success on its Motion because they purport to show that Plaintiff clicked to agree to the alleged Blocker Card. Plaintiff will continue to demonstrate that contrary to this new Reply evidence, he never viewed or clicked to agree to the alleged Blocker Card.

1	At a minimum, Plaintiff should have an opportunity to file a sur-reply to respond to the new Reply evidence and explain why the new evidence does not show what Defendants argue it shows.  In this supplemental briefing, Plaintiff would also address Defendants' new argument regarding delegation and unconscionability.  With respect to this argument, even the authority cited by Defendants demonstrates Plaintiff was not required to specifically challenge unconscionability of the delegation provision in his Opposition but could be raised later in supplemental briefing.  *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, n. 5 (2010) (noting that the plaintiff "could have submitted a supplemental brief during the [period his appeal was pending]" but failed to raise the issue until briefing in the United States Supreme Court, which the Court deemed as too late).

Lastly, Plaintiff should have an opportunity to address the myriad misstatements made in the Reply about Plaintiff's arguments and evidence, including the false factual contentions that **(i)** Plaintiff predicates his argument on not "recall[ing]" agreeing to arbitration (a misrepresentation that Bumble makes in an apparent attempt to wedge the facts of this case in to caselaw holding that the mere lack of recollection is not a defense, *see, e.g.*, ECF 36 at 5, n.7); **(ii)** Plaintiff "admits" that his unique credentials were required to sign into the Bumble app on March 4, 2021; and **(iii)** the preamble of Bumble's Terms state the Terms provide the Parties' respective rights as they pertain to the Bumble app.

Allowing Plaintiff to respond to the new Reply evidence and arguments is critically relevant to the resolution of the Motion to Compel and necessary to provide Plaintiff a fair opportunity to address evidence not previously presented in Defendants' Motion.  Moreover, as discussed above, if the instant motion is granted, then the hearing on Defendants' Motion should be continued to allow Plaintiff time to file a sur-reply and to give Defendants an opportunity to withdraw and/or correct the challenged factual contentions in their Reply.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant him leave to file a sur-reply and continue the June 30, 2022 hearing to August 11, 2022, or any date after July 28, 2022 more convenient to the Court.

Dated: June 15, 2022                Respectfully submitted,

By:   /s/ Cody R. Padgett
      Tarek H. Zohdy (SBN 247775)
      Cody R. Padgett (SBN 275553)
      Laura E. Goolsby (SBN 321721)
      CAPSTONE LAW APC
      1875 Century Park East, Suite 1000
      Los Angeles, California 90067
      Telephone: (310) 556-4811
      Facsimile: (310) 943-0396

      Daniel A. Rozenblatt (SBN 336058)
      Seth W. Wiener (SBN 203747)
      EDGE, A PROFESSIONAL LAW CORPORATION
      1341 La Playa Street 20
      San Francisco, CA 94122
      Telephone: (415) 515-4809

      Attorneys for Plaintiff
      HARSH ALKUTKAR