**EDGE, A PROFESSIONAL LAW CORPORATION**
Daniel A. Rozenblatt (SBN 336058)
daniel@edgelaw.com
Seth W. Wiener (SBN 203747)
seth@edgelaw.com
1341 La Playa Street 20
San Francisco, CA 94122
Telephone: (415) 515-4809

**CAPSTONE LAW APC**
Tarek H. Zohdy (SBN 247775)
tarek.zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
cody.padgett@capstonelawyers.com
Laura E. Goolsby (SBN 321721)
laura.goolsby@capstonelawyers.com
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiff HARSH ALKUTKAR

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| HARSH ALKUTKAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE INC. and BUMBLE HOLDING LIMITED,<br><br>Defendants. | Case No. 4:22-cv-00422-PJH<br><br>*Assigned to the Hon. Phyllis J. Hamilton*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Action Filed:   January 22, 2022<br>Trial Date:       None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE**, that pursuant to Northern District of California Civil Local Rule 7-9(b)(3), Plaintiff Harsh Alkutkar hereby moves this Court for an order granting him leave to file a motion for reconsideration of this Court's September 8, 2022 Order Granting Defendants' Motion to Compel Arbitration ("Order"). Dkt. 49. Plaintiff respectfully contends, as discussed more fully below, the Court committed clear error in applying a preponderance of the evidence standard and there were "manifest failure[s] by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b)(3).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Under Northern District of California Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration of any interlocutory order. Pursuant to Local Rule 7-9(b)(3), leave to file a motion for reconsideration may be granted when a party shows "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b); *see also Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust . . . .").

Plaintiff seeks leave to move for reconsideration of the Order as follows **(1)** there was a manifest failure by the Court to consider Plaintiff's arguments regarding the applicable standard of review, and the Court committed clear error in failing to apply a motion-for-summary-judgment ("MSJ") standard of review; **(2)** there was a manifest failure by the Court to consider Plaintiff's evidence submitted in support of his opposition to Defendants' motion to compel arbitration; **(3)** there was a manifest failure by the Court to consider Plaintiff's demand for a jury trial pursuant to 9 U.S.C. § 4, and the Court committed clear error in not granting Plaintiff's demand; and **(4)** there was a manifest failure by the Court to consider Plaintiff's evidentiary objections to Defendants' evidence submitted in support of their motion to compel arbitration.

## II. ARGUMENT

### A. Failure to consider Plaintiff's arguments regarding the applicable standard of review; clear error in applying a preponderance standard

Defendants, in their motion to compel arbitration, did not address the applicable standard of review that a district court applies in deciding a motion to compel arbitration when the making of the arbitration agreement is at issue. *See generally* Dkt. 30.

Plaintiff, in his opposition to Defendants' motion ("opposition"), argued that an MSJ standard of review applied. *See* Dkt. 32 at 4:28–5:10 (citing *Shepardson v. Adecco USA, Inc.*, No. 3:15-cv-05102-EMC, 2016 WL 1322994 *2 (N.D. Cal. Apr. 5, 2016) ("When deciding a motion to compel arbitration, a district court must also 'treat the facts as they would when ruling on a motion for summary judgment, construing all facts and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party.'"), *McLaughlin v. Liu*, 849 F.2d 1205, 1209 (9th Cir. 1988) ("If the nonmoving party produces direct evidence of a material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party."), and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.")). Defendants, in their reply, did not argue against applying an MSJ standard of review. *See generally* Dkt. 36.

Plaintiff again argued in favor of applying an MSJ standard in his sur-reply,. *See* Dkt. 44 at 5:20–27 (citing *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 672 (9th Cir. 2021) ("[O]nce a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved.")).

Plaintiff again argued that an MSJ standard of review applied at the hearing on the motion to compel arbitration. Transcript at 19:22–20:1 (arguing "when there's a dispute of facts or credibility on a motion to compel . . . all the facts and inferences based on those facts have to be construed in the light most favorable to plaintiff"). In response to Plaintiff's arguments at the hearing, Defendants again did not argue against applying the MSJ standard. *See* Transcript at 21:19–25:6.

In granting Defendants' motion to compel arbitration, the Court sat as the trier-of-fact, applied a preponderance standard, and found that Defendants established by a preponderance of the evidence that Plaintiff assented to arbitration. *See* Dkt. 49 at 16:5–8 and 20:26–28. The Court's Order reflects a manifest failure by the Court to consider Plaintiff's arguments regarding the applicable standard of review, and the Court committed clear error in applying the preponderance evidentiary standard instead of the MSJ standard. *Id.*

The Court's application of the preponderance standard of review was dispositive to its Order. Specifically, "whether plaintiff saw the Blocker Card and clicked his assent" is a dispositive factual issue. *See* Order at 12:13–14 ("the essence of the remaining dispute is . . . whether plaintiff saw the Blocker Card and clicked his assent"). Had the Court applied the MSJ standard of review instead, in order to grant Defendants' motion, (1) the Court would have to believe Plaintiff's evidence and not weigh it against conflicting evidence presented by Defendants, (2) construe all facts and reasonable inferences that can be drawn from those facts in a light most favorable to Plaintiff, and (3) find there existed no genuine dispute of material fact over "whether plaintiff saw the Blocker Card and clicked his assent."

**B. Failure to consider Plaintiff's evidence in support of his opposition; clear error in weighing the credibility of Plaintiff's evidence against conflicting evidence**

Defendants conceded at the hearing that Bumble does not have a specific record of Plaintiff clicking on the blocker card. Rozenblatt Decl., Ex. 1, Transcript at 22:17–19 (filed concurrently herewith). In granting Defendants' motion to compel, the Court explained that Defendants "infer based on [Plaintiff's] access [of the Bumble app] that he clicked his assent to the updated Terms." Dkt. 49.

Plaintiff, however, submitted evidence controverting Defendants' inference. Plaintiff unequivocally denies he viewed or clicked on the blocker card. Alkutkar Decl., May 14, 2022, ¶ 4 (Dkt. 32-2); Alkutkar Decl., July 6, 2022, ¶¶ 3–4 (Dkt. 44-1). Plaintiff also submitted the sworn declarations of other Bumble users controverting the inference. *See* Autry Decl. (Dkt. 32-3); Bothman Decl. (Dkt. 32-4); Keysar Decl. (Dkt. 32-5); Krakirian Decl. (Dkt. 32-6); Pawell Decl. (Dkt. 32-7).

In granting Defendants' motion to compel arbitration, there was a manifest failure by the

Court to consider the material facts in the declarations submitted by Plaintiff which controvert Defendants' inference—an inference upon which the Court's Order relies.  The Court further failed to consider all reasonable inferences that could be drawn from such facts in a light most favorable to Plaintiff, and whether such facts were sufficient to create a genuine dispute of material fact.  Insofar as the Court considered Plaintiff's evidence, the Court committed clear error in assessing the credibility of Plaintiff's evidence and weighing it against any conflicting evidence presented by Defendants.

### C. Failure to consider Plaintiff's demand for jury trial pursuant to 9 U.S.C. § 4; clear error in not granting Plaintiff's demand for a jury trial

"If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."  9 U.S.C. § 4; *see also Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 672 (9th Cir. 2021) ("[O]nce a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved.").

In his opposition to Defendants' motion to compel arbitration, Plaintiff demanded a jury trial on the issue of whether a valid arbitration agreement was formed between Plaintiff and Defendants. *See* Dkt. 32 (entitled "Plaintiff's Opposition to Defendants' Motion to Compel Plaintiff to Arbitration; **Demand for Jury Trial pursuant to 9 U.S.C. § 4**; Evidentiary Objections to the Declaration of Kirendip Chheena") (emphasis added); *id.* at 23:3–10 ("In the alternative, Plaintiff demands a jury trial pursuant to 9 U.S.C. § 4."); Dkt. 44 at 21–24 ("Should the Court conclude there is a genuine dispute of material fact as to whether Plaintiff clicked to agree to the Blocker Card or with respect to any other issue relating to the formation of the Arbitration Agreement, Plaintiff respectfully demands such issues proceed summarily to a jury trial.") (citing 9 U.S.C. § 4 and *Hansen*, 1 F.4th at 672).

In granting Defendants' motion to compel arbitration, there was a manifest failure by the Court to consider Plaintiff's demand for a jury trial pursuant to 9 U.S.C. § 4, and the Court committed clear error in not granting Plaintiff's demand for a jury trial on the issue of whether a

valid arbitration agreement was formed.

### D. Failure to consider Plaintiff's evidentiary objections

Plaintiff submitted evidentiary objections to the declarations of Kirendip Chheena (Dkt. 30-1) and Christian Wong (Dkt. 36-1).  *See* Dkts. 32 at 23:11–25:24 (objections to Chheena Decl.) and 40 at 2:9–5:23 (objections to Wong Decl.); *see also* Dkts. 32-9 at 5:17–12:19 (proposed order sustaining or overruling objections to Chheena Decl.) and 40-1 at 3:5–13:22 (proposed order sustaining or overruling objections to Wong Decl.).

There was a manifest failure by the Court to consider Plaintiff's evidentiary objections. Sustaining Plaintiff's objections to Defendants' evidence—evidence upon which the Order relies— would be dispositive to the Court's ruling on Defendants' motion to compel arbitration.

## III. CONCLUSION

For the foregoing reasons, Plaintiff requests leave from the Court to file a motion for reconsideration.

Dated:  September 12, 2022             Respectfully submitted,

By:     /s/ Daniel A. Rozenblatt
         Daniel A. Rozenblatt (SBN 336058)
         Seth W. Wiener (SBN 203747)
         EDGE, A PROFESSIONAL LAW CORPORATION
         1341 La Playa Street 20
         San Francisco, CA 94122
         Telephone: (415) 515-4809

         Tarek H. Zohdy (SBN 247775)
         Cody R. Padgett (SBN 275553)
         Laura E. Goolsby (SBN 321721)
         CAPSTONE LAW APC
         1875 Century Park East, Suite 1000
         Los Angeles, California 90067
         Telephone: (310) 556-4811
         Facsimile: (310) 943-0396

         Attorneys for Plaintiff
         HARSH ALKUTKAR