EDGE, A PROFESSIONAL LAW CORPORATION
Daniel A. Rozenblatt (SBN 336058)
daniel.rozenblatt@edge.law
Natasha Dandavati (SBN 285276)
natasha.dandavati@edge.law
1341 La Playa Street 20
San Francisco, CA 94122
Telephone: (415) 515-4809

CAPSTONE LAW APC
Tarek H. Zohdy (SBN 247775)
tarek.zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
cody.padgett@capstonelawyers.com
Laura E. Goolsby (SBN 321721)
laura.goolsby@capstonelawyers.com
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

*Attorneys for Plaintiff*

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
SHARON SONG (313535)
(ssong@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| HARSH ALKUTKAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BUMBLE INC. and BUMBLE HOLDING LIMITED,<br><br>Defendants. | Case No.: 4:22-cv-00422-PJH<br><br>*Assigned to the Hon. Phyllis J. Hamilton*<br><br>**STIPULATION TO CONFIRM ARBITRATION AWARD**<br><br>Action Filed:   January 22, 2022<br>Trial Date:       None Set |

Plaintiff Harsh Alkutkar ("Plaintiff") and Defendants Bumble Inc. and Bumble Holding Limited ("Defendants") by and through their respective counsel, hereby stipulate and request an order confirming the final arbitration award issued on April 9, 2024, for the reasons set forth below.

## **RECITALS**

1. WHEREAS, on January 22, 2022, Plaintiff filed the Complaint against Defendants in this matter, initiating Case No. 4:22-cv-00422-PJH ("Action").

2. WHEREAS, Defendants filed their Motion to Compel Plaintiff to Arbitration (dkt. 30), which was fully briefed by both parties.

3. WHEREAS, on September 8, 2022, the Court issued its Order granting Defendants' Motion to Compel Plaintiff to Arbitration and staying the Action pending completion of arbitration proceedings ("Order Compelling Arbitration").

4. WHEREAS, on September 12, 2022, Plaintiff filed his Motion for Leave to File Motion for Reconsideration in relation to the Order Compelling Arbitration (dkt. 50).

5. WHEREAS, on September 13, 2022, the Court issued its Order granting Plaintiff's Motion for Leave to File Motion for Reconsideration (dkt. 52).

6. WHEREAS, on September 20, 2022, Plaintiff filed his Motion for Reconsideration of the Order Compelling Arbitration (dkt. 53) which was fully briefed by both parties.

7. WHEREAS, on November 16, 2022, the Court issued its Order denying Plaintiff's Motion for Reconsideration (dkt. 55).

8. WHEREAS, on February 15, 2023, Plaintiff submitted his Arbitration Demand to JAMS.

9. WHEREAS, on March 27, 2023, JAMS issued its notice of commencement of arbitration, JAMS Reference No. 5100000944 ("Arbitration").

10. WHEREAS, on August 2, 2023, after JAMS resolved class arbitration issues raised by Defendants, JAMS issued notice that Hon. David A. Garcia (Ret.) had been appointed as Arbitrator.

11. WHEREAS, on January 19, 2024, the hearing on the Arbitration was held before Hon. David A. Garcia, Arbitrator.

12. WHEREAS, on February 19, 2024, Hon. David A. Garcia issued his report of

1 arbitration hearing and Interim Arbitration Award.

2   13. WHEREAS, on March 13, 2024, the matter was submitted for Final Arbitration Award.

4   14. WHEREAS, on April 9, 2024, Hon. David A. Garica issued his Final Arbitration Award, finding in Defendants' favor and dismissing Plaintiff's claims for (1) negligent misrepresentation; (2) intentional misrepresentation; (3) violation of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. ("CLRA"); (4) violation of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. ("FAL"); and (5) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"), under the unlawful, fraudulent, and unfair prongs. A true and correct copy of the Final Arbitration Award is attached hereto as **Exhibit 1**.

11   15. WHEREAS, no party sought to vacate, modify, or correct the Final Arbitration Award.

12   16. WHEREAS, the Parties agree that the Final Arbitration Award should be confirmed pursuant to 9 U.S.C. § 9.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY STIPULATED and REQUESTED by and between the Parties, through their respective counsel, that the Final Arbitration Award be confirmed.

**IT IS SO STIPULATED.**

*Respectfully submitted,*

EDGE, A PROFESSIONAL LAW CORPORATION

Dated:  August 26, 2024        By:    /s/
                                                 Daniel A. Rozenblatt
                                                 Natasha Dandavati

CAPSTONE LAW APC
Tarek H. Zohdy
Cody R. Padgett
Laura E. Goolsby

*Attorneys for Plaintiff
Harsh Alkutkar*

COOLEY LLP

Dated:  August 26, 2024        By:    /s/
                                                 Michael G. Rhodes
                                                 Kyle C. Wong
                                                 Sharon Song

*Attorneys for Defendants
Bumble Inc. and Bumble Holding Limited*

## **ATTORNEY'S E-FILING ATTESTATION**

As the attorney e-filing this document, and pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for Defendants Bumble Inc. and Bumble Holding Limited, whose electronic signature appears above, has concurred in this filing.

Dated:  August 26, 2024        By:    /s/

# Exhibit 1

April 9, 2024

NOTICE TO ALL PARTIES

(Please see Service List)

Re: *Alkutkar, Harsh v. Bumble Inc. and Bumble Holding Limited*
JAMS Ref. #: 5100000944
Report of Hearing, Final Award[1], and Scheduling Order #4

Dear Parties:

On March 5, 2024, the Claimant filed a Request for Reconsideration of Order re Briefing on Recovery of Fees/Costs permitted by the Report of Hearing, Interim Award, and Scheduling Order #3. Pursuant thereto the Claimant requested that briefing re recovery of fees and costs be disallowed and that the Interim Award be adopted as a Final Award with each party to bear their own attorney fees and costs. On March 13, 2024, the Respondent filed a letter responding to the Claimant's request. The Respondent agreed to the Claimant's proposal that the parties forgo further briefing on costs in this arbitration and that each party should bear their own attorney fees and costs. The matter was submitted for Final Award on March 13, 2024.:

1. <u>Scheduling Order #1 - 3.</u>  Except as provided herein the orders contained in Scheduling Order #1 - 3 remain in effect.
2. <u>Procedural History.</u> As reflected in Scheduling Order #1, contractual relationship pursuant to a subscription for use of an internet app when a dispute arose. The Claimant accepted the Terms and Conditions of Use (on March 4, 2021) which contain an Arbitration Agreement, requiring the submission of his dispute to binding arbitration (§13), with an effective date of January 19, 2021.
   a. Thereafter, a Dispute arose governed by the Agreement.
   b. Claimant accordingly filed a Demand for Arbitration before JAMS on February 15, 2023, and a First Amended Arbitration Demand on May 18, 2023.
   c. The Respondents filed a Response ("Answering Statement") on April 5, 2023, and a Response (Answering Statement to First Amended Demand) on May 25, 2023.
   d. The undersigned was appointed as the sole arbitrator on August 2, 2023.

---

[1] As a final award this Award is subject to confirmation. It is therefore intended that the Award be subject to correction or review pursuant to Code of Civil Procedure section 1284.

      e. Pursuant to Scheduling Order #2, the matter was scheduled for hearing via written submissions and documentary evidence to occur January 19, 2024.
3. <u>Written Submissions.</u> Pursuant to Scheduling Orders #2, the Parties were each permitted to submit briefs and supporting documentation in lieu of live testimony.
   a. The parties respectively filed Opening Briefs and supporting documentation on January 10, 2024.
   b. Each thereafter filed reply briefs on January 17, 2024.
   c. A zoom-assisted hearing, occurred on January 19, 2024, at 9:00 a.m. The hearing was not reported.
   d. The matter was submitted for Interim Award.
   e. The Interim Award (Scheduling Order #3) issued on February 19, 2024.
   f. Following the issuance of the Interim Award, as reported above the parties requested that the Interim Award be adopted as the Final Award, with the parties to bear their respective fees and costs.
4. <u>Claimant's Claims and Requests for Relief.</u> Pursuant to Claimant's briefs, the Claimant asks for an injunction requiring Bumble to cease making "false claims" about the benefits of its paid "Spotlight and SuperSwipe" features now or in the future, reimbursement of Claimant's payments for Bumble's Spotlight and SuperSwipe features as damages, an incentive award to the Claimant punitive damages under the CLRA, and attorney fees and costs.
   a. Claimant asserts that Bumble makes false claims about the paid, premium features on its dating software application, known as "Spotlights" and SuperSwipes."
   b. Bumble advertises that users of its "Spotlight" feature will receive "Up to 10x more matches "and that users of its "SuperSwipe" features will receive "Up to 10x more conversations." Claimant asserts that because users cannot start a conversation without first matching, users may understand "10x more conversations" to mean they will receive 10x more matches.
   c. Claimant maintains that the claims that Spotlights and SuperSwipes provide up to 10x more matches and conversation are gross exaggerations of the actual benefits provided by the features.
   d. Claimant asserts that even 2x the number of matches is an exaggeration of the benefit that SuperSwipes provide and that most users see no increase in matches whatsoever (as supported by anecdotal evidence).
   e. Bumble asserts that users can use SuperSwipe to inform potential matches that user is interested in them whereas the typical application is anonymous until both users swipe right. SuperSwipes are sold in packs of 30 at a cost of $39.99, 15 at a cost of $29.99, 5 at a cost of $9.99, and 2 at a cost of $5.99.

Alkutkar, Harsh *v. Bumble, Inc., et al.*
JAMS Ref. #: 5100000944

**Report of Hearing, Final Award, and Scheduling Order #4**

  f.  Bumble asserts that users can use Spotlight to advance their profile to the top of the list of potential matches to it is viewable by more potential matches instantly.
  g.  Claimant contends, based on a 2012 FTC study that the effect of "up to" advertising is well understood by marketers to imply a benefit of the total of the "up to" assertion.
  h.  Bumble continues to advertise its claims about the benefits of is SuperSwipes and Spotlights.
  i.  When purchasing features on the Bumble app, Claimant does not have access to Bumble's data showing the actual benefits of the features he wishes to purchase.
  j.  On March 21, 2021Clamant purchased a Pack of 15 SuperSwipes for $22.99. Claimant asserts that he believed he would receive ten times or close to 10 times more conversations than he usually received when using the Bumble app. However he reports that there was no discernable increase in the number of conversations he received as a result of using SuperSwipes.
  k.  On August 15, 2021, and September 9, 2021, Claimant purchased a pack of 5 Spotlights and a pack of 15 Spotlights for $12.99 and $29.99 respectively. Based on Bumble's advertising that he would receive "Up to 10x more matches," he believed he would receive he would receive ten times or close to 10 times more matches than he usually received when using the Bumble app. However he reports that there was no discernable increase in the number of matches he received as a result of using Spotlights.
  l.  The issue to be resolved is whether Bumble false advertises and misrepresents the benefits of it SuperSwipe and Spotlight features to Claimant and other consumers.
  m.  Claimant asserts that Bumbles own documents contradict these claims and establish the factual and material nature of the misrepresentations and entitle him to the relief requested.

5. <u>Respondent's Request for Relief</u>. Respondent requests that the Claimants Claims be denied and an award of attorney fees and costs.
  a.  Respondent asserts that Bumbles statements are neither false nor misleading.
  b.  Bumble conducted market research and analyzed the potential benefits of using its premium features and relied on its analysis to craft the "up to" language that it asserts was consistent with what Bumble users experienced.
  c.  Bumble used the qualifier to "make it clear" that the purchase of the features could but was not guaranteed to increase a user's connections

      with other Bumble users "up to ten times" depending on the number of SuperSwipes or Spotlights that the user purchased.

    d. Bumble asserts that its statements were made in good faith and are not misrepresentations.

    e. Bumble further asserts that in the context of dating and the inherent uncertainties that the "up to" language would not deceive a reasonable consumer.

    f. Bumble examined data from BumbleApp users throughout the US, Canada, UK, and Australia between October 1, 2020, and October 7, 2020.

    g. Based on the metrics derived therefrom it learned that users could achieve up to ten times more matches or conversations through use of the features

6. <u>Ruling.</u> The essential, material facts are undisputed. The Arbitrator having been fully informed, having considered all the parties' proofs and arguments denies the Claimant's requests for relief.

    a. Adopting the reasonable person standard the Arbitrator finds that the up to language of Bumble's advertising is not deceptive.

    b. Claimant's requests for relief are necessarily denied.

    c. The Arbitrator, nevertheless, finds that the Claimants claims were brought in good faith and based on probable cause, and based thereon does not believe that a basis in law exists for an award of attorney fees in this Consumer action or for an allocation of the expenses of this Arbitration, including the fees of the Arbitrator, except to the extent that such expenses do not exceed the expenses that could reasonably be expected to be incurred in a Court action.

7. <u>Administrative Fees and Costs and Attorney Fees.</u> The Agreements between the parties do not contain an attorney fee or prevailing party clause. Pursuant to the stipulation of the parties, as reported above, each party shall bear its own attorney fees and costs.

8. <u>Conclusion</u>. Accordingly, it is hereby declared that Claimant shall take nothing by this Arbitration. The rulings contained herein shall be considered a final award for purposes of confirmation, vacation, and correction.

So Ordered

DocuSigned by:

*Hon. David Garcia (Ret.)*

9EE59B7017B2492...

Hon. David A. Garcia (Ret.)
Arbitrator